STROUD, Judge.
 

 *297
 
 Defendant appeals an order modifying custody by granting plaintiff primary custody of the parties' child. Because the trial court's findings of fact support its conclusion of a substantial change of circumstances which affects the child's welfare due to father's failure to communicate with the mother and interference with the child's relationship with her mother, as well as mother's positive changes in behavior, we affirm.
 

 I. Background
 

 In December of 2005, plaintiff and defendant were married. In September of 2007, the couple had one child, Reagan.
 
 [1]
 
 The parties separated in 2009 and since have engaged in a continuing battle regarding custody. In June of 2010, plaintiff-mother filed a verified divorce complaint and alleged "[t]hat there are no issues of child support, custody, alimony or equitable distribution pending between the parties as they have heretofore entered into a separation agreement that they wish to be incorporated into the divorce judgment." Mother also asked that the separation agreement be incorporated into the divorce judgment. In July of 2010, father filed a verified answer and counterclaimed for divorce and primary custody of Reagan. In August of 2010, mother filed a motion to amend her divorce complaint because
 

 it was discovered that the Plaintiff had a misconception about the child custody and welfare, child welfare, and child support paragraphs in the separation agreement she had drafted. The Plaintiff was under the misconception that joint custody, as agreed to in the separation agreement, was the same as her having joint primary custody. According to the Plaintiff, the Defendant's visitation schedule was in line with the Defendant having secondary joint custody of the minor child.
 

 That same month, mother also filed a reply to father's counterclaim requesting primary custody.
 

 *298
 
 On 2 September 2010, the trial court entered a consent order allowing mother's motion to amend her complaint and granting the parties' requests for divorce. On 15 February
 
 *114
 
 2011, the trial court entered a permanent custody order which granted physical custody to mother from Tuesday to Saturday and to father from Saturday to Tuesday.
 

 In May of 2012, mother filed a motion to modify the custody order alleging a substantial change of circumstances because father was primarily relying on his girlfriend to care for Reagan. Mother alleged that the girlfriend was mean to Reagan and caused Reagan medical problems due to issues with diaper cream. Mother contended that Reagan was anxious and stressed when it was time for her to be with her father. In September of 2012, father also filed a motion to modify custody based on a number of allegations but mostly relying upon mother's remarriage to someone with a criminal record.
 

 On 19 December 2012, the trial court modified the permanent custody order, giving primary physical care and custody to father and secondary physical custody to mother for several reasons, including mother repeatedly taking the child to the doctor and alleging abuse after visits with father despite no signs of abuse, an issue of domestic violence between mother and her husband, and the parties' overall utter inability to work together for the benefit of Reagan.
 

 In April of 2014, mother filed another motion to modify custody alleging a substantial change of circumstances for several reasons, again primarily concerned with father's girlfriend being the primary caretaker for the child and usurping her role as the child's mother. The trial court held a hearing on the motion over five days, beginning on 20 January 2015 and ending on 18 March 2015. On 22 May 2015, the trial court entered an order modifying custody and granting primary physical care and custody to mother. Father appeals.
 

 II. Change of Circumstances
 

 Father first contends that the trial court erred in determining that a substantial change of circumstances had occurred justifying a modification of custody. Father takes an unusual approach to his argument. Father failed to directly challenge the sufficiency of the evidence to support the trial court's findings of fact which form the basis for the trial court's conclusion of a substantial change of circumstances but instead created a table of the transcript testimony, highlighting evidence he believes undermines the trial court's findings of fact. In other words, rather than arguing the findings of fact are not supported by the evidence, he directs the Court's attention to other contradictory evidence
 
 *299
 
 which might support a different finding of fact. For example, the first row of 25 total rows reads:
 

 ?
 

 A. Standard of Review
 

 It is well established in this jurisdiction that a trial court may order a modification of an existing child custody order between two natural parents if the party moving for modification shows that a substantial change of circumstances affecting the welfare of the child warrants a change in custody. The party seeking to modify a custody order need not allege that the change in circumstances had an adverse effect on the child. While allegations concerning adversity are acceptable factors for the trial court to consider and will support modification, a showing of a change in circumstances that is, or is likely to be, beneficial to the child may also warrant a change in custody.
 

 As in most child custody proceedings, a trial court's principal objective is to measure whether a change in custody will serve to promote the child's best interests. Therefore, if the trial court does indeed determine that a substantial change in circumstances affects the welfare of the child, it may only modify the existing custody
 
 *115
 
 order if it further concludes that a change in custody is in the child's best interests.
 

 The trial court's examination of whether to modify an existing child custody order is twofold. The trial court must determine whether there was a change in circumstances and then must examine whether such a change affected the minor child. If the trial court concludes either that a substantial change has not occurred or that a substantial change did occur but that it did not affect the minor child's welfare, the court's examination ends, and no modification can be ordered. If, however, the trial court determines that there has been a substantial change
 
 *300
 
 in circumstances and that the change affected the welfare of the child, the court must then examine whether a change in custody is in the child's best interests. If the trial court concludes that modification is in the child's best interests, only then may the court order a modification of the original custody order.
 

 When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
 

 Our trial courts are vested with broad discretion in child custody matters. This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges. Accordingly, should we conclude that there is substantial evidence in the record to support the trial court's findings of fact, such findings are conclusive on appeal, even if record evidence might sustain findings to the contrary.
 

 In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, this Court must determine if the trial court's factual findings support its conclusions of law. With regard to the trial court's conclusions of law, our case law indicates that the trial court must determine whether there has been a substantial change in circumstances and whether that change affected the minor child. Upon concluding that such a change affects the child's welfare, the trial court must then decide whether a modification of custody was in the child's best interests. If we determine that the trial court has properly concluded that the facts show that a substantial change of circumstances has affected the welfare of the minor child and that modification was in the child's best interests, we will defer to the trial court's judgment and not disturb its decision to modify an existing custody agreement.
 

 *301
 

 Shipman v. Shipman
 
 ,
 
 357 N.C. 471
 
 , 473-75,
 
 586 S.E.2d 250
 
 , 253-54 (2003) (citations, quotation marks, and brackets omitted).
 

 B. Trial Court's Findings Regarding Change of Circumstances
 

 The trial court's order first sets forth a summary of the circumstances at the time of entry of the prior order in a section helpfully entitled "[a]t the time of the entry of the Order[.]" In brief summary, Reagan was 5, in a private kindergarten, and attended gymnastics class each week; mother had been taking the child repeatedly for unnecessary physical examinations in an attempt to show that father or someone in his home was abusing her; mother was repeatedly contacting law enforcement regarding her allegations of abuse against father; mother was not employed or in school; father's girlfriend cared for the child when he was at work; and neither party was communicating with the other about the child.
 

 In the next section, entitled "[a]t the time of this hearing upon Plaintiff mother's Motion to Modify Custody[,]" the trial court sets out its findings of fact regarding the current circumstances of Reagan and the parties: Reagan was age 7, in second grade in a public school, and still active in gymnastics. The trial court found that
 

 the parties have been polarized, with the Defendant and his girlfriend keeping tight control of [Reagan] prior to and following the sessions, and severely limiting contact between [Reagan] and the Plaintiff and any one in her party, including Defendant's
 
 *116
 
 own mother. The Defendant's practice in this regard has had a negative effect upon [Reagan]: her anxiety level is high.
 

 The trial court noted mother's living circumstances but did not find any relevant changes from the time of the prior order. The order then makes detailed findings of fact, and finding of fact 36 specifically notes which findings it based its finding of a substantial change of circumstances upon:
 

 36. The undersigned finds that two patterns of conduct which were engaged in by the Plaintiff at the time of the Order are no longer occurring. Specifically,
 

 a. There is no evidence that the Plaintiff mother has taken the child for any unnecessary physical examinations, in an effort to prove that the Defendant father or someone in the Defendant's home was abusing the child, since the time of the entry of the Order.
 

 *302
 
 b. The Plaintiff mother has not since the entry of the Order, contacted law enforcement authorities in an effort to initiate an investigation of the Defendant father's possible abuse of the child.
 

 The trial court then concluded its findings of fact within finding of fact 37:
 

 The fact[s] found in the preceding finding number 36, together with the facts found in finding number 16, finding number 25, finding number 30, finding number 31, among other findings, constitute a substantial change of circumstances since the entry of the Order, which change of circumstances has materially affected the welfare of the child [Reagan.]
 

 C. Re-weighing Evidence
 

 Father's argument, with his table of testimony highlights, asks us to re-weigh the evidence in his favor, and this we cannot and will not do.
 
 Id.
 
 at 475,
 
 586 S.E.2d at 253-54
 
 ("[S]hould we conclude that there is substantial evidence in the record to support the trial court's findings of fact, such findings are conclusive on appeal, even if record evidence might sustain findings to the contrary.") Furthermore, as father has failed to challenge the trial court's findings of fact as not supported by the evidence but instead argued for alternative findings, these findings are now binding upon this Court.
 
 See
 

 id
 
 ;
 
 see also
 

 In re J.K.C
 
 .,
 
 218 N.C.App. 22
 
 , 26,
 
 721 S.E.2d 264
 
 , 268 (2012) ("The trial court's remaining unchallenged findings of fact are presumed to be supported by competent evidence and binding on appeal.")
 

 D. Adverse Effect
 

 Father then argues that the evidence does not show any adverse effect upon Reagan:
 

 [a] review of all of the transcripts of all of the proceedings reveals information that none of the activities complained of had any affect adversely or otherwise, on the child's school attendance, performance, grades, medical and dental conditions, interactions with friends, relatives and that her mother talks to her every night.
 

 We first note that our consideration is based upon the findings of fact made by the trial court, which we have already determined are binding. It is not our role to do a "review of all of the transcripts of all of the proceedings" to find the information father favors.
 
 See
 

 *303
 

 Shipman
 
 ,
 
 357 N.C. at 474
 
 ,
 
 586 S.E.2d at 253
 
 . But essentially, father's argument is that a major issue since the inception of this case has been the parties' inability to communicate and father seems to contend that because it has always been a problem, it cannot constitute a substantial change of circumstances. Even if we concede father's dim view of the parties' communication history, his brief ignores that the trial court's findings of fact which noted both that father's
 
 present
 
 actions had adversely affected the child
 
 and
 
 mother's
 
 present
 
 circumstances had improved to the child's benefit.
 

 The binding findings of fact establish:
 

 19. The parties continue to communicate almost exclusively by text messages. The [father] often fails to respond to messages and inquiries from the [mother], and at other times often believes that a one-word response is sufficient. The undersigned finds as a fact that the [father's] practices result in an inability to cooperate for [Reagan's] benefit, and therefore has a negative impact upon [Reagan's] welfare.
 

 ....
 

 25. ....
 

 *117
 
 Generally, the return calls from [Reagan] to her mother are made on speakerphone, with the [father] or [his girlfriend] listening in. It is not unusual for [father's girlfriend] to suggest answers to [Reagan], by whispered voice audible on the speakerphone connection....
 

 [Reagan] is often in the sole care of [father's girlfriend] when she is in Defendant father's custody. The Defendant father and [his girlfriend] have regularly refused to provide to the Plaintiff mother the cell telephone number for [the girlfriend].
 

 As to the significant positive changes mother has made, as noted above, the trial court found that mother's "patterns of conduct" had changed in that she stopped taking the child for unnecessary physical examinations and contacting law enforcement to try to have father investigated for abuse.
 

 It is beyond obvious that a parent's unwillingness or inability to communicate in a reasonable manner with the other parent regarding their child's needs may adversely affect a child, and the trial court's
 
 *304
 
 findings abundantly demonstrate these communication problems
 
 and
 
 the child's resulting anxiety from her father's actions. While father is correct that this case overall demonstrates a woeful refusal or inability of both parties to communicate with one another as reasonable adults on many occasions, we can find no reason to question the trial court's finding that these communication problems are
 
 presently
 
 having a negative impact on Reagan's welfare that constitutes a change of circumstances.
 
 See generally
 

 Shipman
 
 ,
 
 357 N.C. at 473-75
 
 ,
 
 586 S.E.2d at 253-54
 
 . In fact, it is foreseeable the communication problems are likely to affect Reagan more and more as she becomes older and is engaged in more activities which require parental cooperation and as she is more aware of the conflict between her parents. Therefore, we conclude that the binding findings of fact support the conclusion that there was a substantial change of circumstances justifying modification of custody. This argument is overruled.
 

 III. Motion to Dismiss
 

 Father next contends that "the trial court committed reversible error in denying defendant father's motion to dismiss at the close [of] the plaintiff's evidence and at the close of all the evidence." The entire substance of father's argument in this section is as follows:
 

 There was no substantial relevant competent evidence introduced at the time of the close of Plaintiff [ (sic) ] evidence or at the close of all the evidence that a substantial change of circumstances affecting the welfare of the parties['] minor child had occurred since the entry of the honorable Judge Brooks order and Defendant Father's motion should have been granted.
 

 As we have already determined that the trial court's binding findings of fact support its conclusion of law regarding a substantial change of circumstances, we need not address this argument.
 
 See generally
 

 In re J.K.C.
 
 ,
 
 218 N.C.App. at 26
 
 ,
 
 721 S.E.2d at 268
 
 .
 

 IV. Father's Evidence
 

 Lastly, father also contends that "the trial court commit[t]ed reversible error in refusing to allow the defendant father to ask questions that dealt with circumstances that existed at the time of the previous order and prior to the existing order." Father directs us to the transcript where his attorney was cross-examining mother and asked her why she "can co-parent with my client now as opposed to" in the past? Mother responded that father had prevented her from doing so. Father's counsel
 
 *305
 
 then stated, "So it's his fault that you alleged sexual abuse by him ... [,]" and was then interrupted by an objection from mother's attorney which the trial court sustained. The entirety of his counsel's argument before the trial court was:
 

 The fact is she's not saying there's any difference now as there was in the past, and I'm questioning her credibility on her statement that she can do it now and that there's-she's always tried with this gentleman to co-parent and that it's my client's fault. So I don't know how in the world I could possibly accept that as an answer and not have to delve back into a little bit of what she's done in the past.
 

 Father's counsel seems to be arguing that he should have been allowed to present evidence
 
 *118
 
 of mother's past behavior which occurred prior to entry of the previous order. But the prior orders had findings of fact regarding mother's behavior; custody was modified adversely to her in the prior order based upon that behavior. In fact, the trial court specifically found that mother no longer made abuse allegations against father as she had at the time of the prior order. Thus, the trial court not only acknowledged the past behavior father's counsel wished to question mother on, but also noted the current change of that behavior. In any event, father made no offer of proof for any additional evidence he wanted to present, so we cannot address his argument further.
 
 See
 

 State v. Dew
 
 ,
 
 225 N.C.App. 750
 
 , 759,
 
 738 S.E.2d 215
 
 , 221 (2013) ("It is well established that an exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness' testimony would have been had he been permitted to testify. For that reason, in order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record. In the absence of an adequate offer of proof, we can only speculate as to what the witness' answer would have been. As a result of the fact that the record does not contain the substance of any answer that Detective Curry might have given to the question posed by Defendant's trial counsel, we have no basis for determining the extent, if any, to which the trial court's ruling might have prejudiced Defendant." (citations, quotation marks, and brackets omitted)).
 

 Ultimately, father's entire brief reiterates that there is nothing new here; he and mother have always had poor communication regarding Reagan and his girlfriend has always primarily cared for her when in his care. Even if all that is true, the trial court's findings support its
 
 *306
 
 conclusion of a substantial change of circumstances since as Reagan has gotten older, these actions affect her more adversely and mother's behaviors have changed for the better. Beyond that, the trial court made many more findings-which we need not address in detail here-to support its conclusions. In fact, we must commend the trial court's very well-organized and thorough order. The findings clearly delineate the circumstances at the time of the prior order, at the time of the current hearing, and the specific findings which the trial court found to support its conclusion of a change of circumstances.
 

 For the foregoing reasons, we affirm.
 

 AFFIRMED.
 

 Chief Judge McGEE and Judge CALABRIA concur.
 

 [1]
 

 A pseudonym will be used to protect the identity of the minor child.