An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-724

Filed 18 June 2025

Dare County, No. 17 CVD 000228

JOSHUA HEATH BRINDLEY, Plaintiff,

v.

MICHAELLA A. MOORE, (formerly Martinson), Defendant.

Appeal by Defendant from order entered 28 March 2024 by Judge Robert P. Trivette in Dare County District Court. Heard in the Court of Appeals 27 February 2025.

*No brief filed for Plaintiff-Appellee.*

*Pritchett & Burch, PLLC, by Lloyd C. Smith, III, for Defendant-Appellant.*

GRIFFIN, Judge.

Defendant appeals from the trial court's Amended Order entered after both parties moved to modify custody. Defendant alleges the trial court based its findings upon inadmissible evidence and abused its discretion in determining the best interests of the minor child. We hold the trial court did not err.

## I. Facts and Procedural Background

Plaintiff Joshua Heath Brindley and Defendant Michaella A. Moore are the biological parents of the minor child, Nathan.[1] Since 2017, the parties have litigated custody of Nathan. On 18 November 2021, a permanent child custody order was entered, granting Plaintiff sole legal and primary physical custody ("November 2021 Order"). Defendant was granted visitation consisting of Defendant having custody of Nathan every other weekend during the school year, one week during each of the summer months, and visitation during major holidays.

On 11 November 2022, Plaintiff filed a Motion to Modify Custody and an Ex Parte Motion for Temporary Custody of Nathan. Plaintiff alleged a substantial change in circumstances affecting the welfare of the minor child, including Nathan exhibiting abnormal and shocking behavior as well as signs of emotional, mental, and physical abuse after returning from Defendant's care. In addition, an affidavit was submitted by Katie Tesoriero, Nathan's first-grade teacher, regarding her concern for Nathan's welfare. Ms. Tesoriero expressed Nathan exhibited unusual behavior and extreme distress after he returned to school from Defendant's care.

At the Ex Parte hearing, the court found Nathan was at a substantial risk of bodily injury if Defendant was allowed to care for the minor child at that time, and that it was in Nathan's best interest for him to solely reside with Plaintiff. On 11 November 2022, a Temporary Ex-Parte Order was entered granting Plaintiff

---

[1] We use a pseudonym for ease of reading and to protect the identity of the juvenile. *See* N.C. R. App. P. 42(b).

temporary custody.

After a hearing on 30 November 2022, the parties entered into a Temporary Custody Order. The parties agreed Plaintiff would have temporary custody and Defendant would have supervised visitation every other weekend.

On 24 August 2023, Defendant filed a Motion for Contempt and a Motion to Modify the November 2021 Order. Defendant alleged there had been a substantial change in circumstances warranting modification because she participated in therapy, got married, had another child, and was pregnant with her third child. Defendant also alleged Plaintiff has refused to enroll Nathan in therapy, has used sole custody as an opportunity to restrict and exclude her from the growth and development of Nathan, and has repeatedly interfered with her visitation.

The trial court held hearings on the parties' competing Motions to Modify and Defendant's Motion for Contempt on 27 September 2023 and 1 February 2024.

Plaintiff presented testimony from Nathan's teacher, Ms. Tesoriero, and the school counselor, Christina Forte. Both witnesses testified about their concerns regarding Nathan's behavior at school. Plaintiff and his fiancée, Susan Sthruefer, also testified.

Defendant presented testimony from her therapist, Dr. Lori Thomas, who testified regarding Defendant's mental health. Defendant and her husband, Taylor Moore, and Defendant's father, Joe Martinson, also testified.

At the conclusion of the hearing, the trial court found a substantial change in

circumstances had occurred since entry of the November 2021 Order, and that it was in Nathan's best interests for Plaintiff to have sole legal and primary physical custody. Defendant was granted supervised visitation every other weekend during the school year, every other week during the summer months, and during major holidays. On 28 March 2024, the trial court entered its Amended Order. Defendant timely appeals.

## II. Analysis

Defendant alleges the trial court erred in its Amended Order. Specifically, Defendant contends the trial court based its findings upon inadmissible evidence and abused its discretion in determining the best interests of the minor child. We disagree.

A trial court's decision to modify a child custody order is twofold. *Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003). First, "[t]he trial court must determine whether there was a change in circumstances and then must examine whether such a change affected the minor child." *Id.* Second, the trial court must determine "whether a change in custody is in the child's best interests." *Id.* If the trial court concludes that a substantial change has not occurred or that "a substantial change did occur but that it did not affect the child's welfare," then no modification is warranted. *Id.* The trial court may only modify a custody order if it determines that modification is in the child's best interests. *Id.*

"In a child custody case, the trial court's findings of fact are conclusive on

appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings." *Sherrill v. Sherrill*, 275 N.C. App. 151, 157, 853 S.E.2d 246, 251 (2020) (citation and internal marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shipman*, 357 N.C. at 474, 586 S.E.2d at 253 (citation and internal marks omitted).

"Unchallenged findings of fact are binding on appeal. Whether the trial court's findings of fact support its conclusions of law is reviewable de novo. If the trial court's uncontested findings of fact support its conclusions of law, we must affirm the trial court's order." *Sherrill*, 275 N.C. App. at 157, 853 S.E.2d at 251 (citation and internal marks omitted).

In child custody matters, trial courts are vested with broad discretion. *Shipman*, 357 N.C. at 474, 586 S.E.2d at 253 (citation omitted). Thus, if we determine there is sufficient evidence to support a substantial change in circumstances affecting the welfare of the minor child and that modification is in child's best interests, we will defer to the trial court's judgment. *Pulliam v. Smith*, 348 N.C. 616, 628, 501 S.E.2d 898, 904 (1998).

## A. Challenged Findings

Defendant alleges the trial court improperly relied upon inadmissible evidence to substantiate its findings of fact. Specifically, Defendant challenges Findings of Fact 9, 11, 14, 19, 20, 21, and 24 as unsupported by substantial evidence because they

are based upon inadmissible hearsay or are facts of which judicial notice was not taken.

**1. Hearsay**

Defendant alleges Findings of Fact 9 and 11 are based upon inadmissible hearsay.

Findings of Fact 9 and 11 state the following:

> 9.     Since the entry of the previous Order, the minor child has stated to Plaintiff or his [fiancée] on several occasions that his mother says Plaintiff and his [fiancée] are keeping him from his mother, and that his mother "hates" Susan Sthruefer, Plaintiff's [fiancée], and Plaintiff. After making these statements upon returning from his mother's care, the minor child would be extremely upset, resort to infantile behaviors, cry for long periods, and become withdrawn for hours.  One Sunday night after returning to his father from his mother's house, the minor child was very upset and hit his dog in the face, which was very out of character.

> 11.     Katie Tesoriero, [Nathan's] first grade teacher that year, testified she had never seen [Nathan] act like he did that Tuesday morning.  He was more upset than she had ever seen him.  He "cried for the first three to four hours of school."  He was "visibly upset."  He would not participate in morning play time, morning group activities or his reading lesson.  He sat and quietly cried at his desk with tears rolling down his cheeks the entire time.  He refused to let anyone get near him and refused to play with his friends.  He became extremely defensive when asked about his time with his mother and said nothing was wrong.  Ms. Tesoriero, who has been a teacher for ten years, believed something significant and very upsetting happened to [Nathan] over the weekend.  She believed that [Nathan's] behavior was "indicative of a child that is experiencing some form of trauma."  Ms. Tesoriero became so concerned

she contacted Susan Sthruefer, Plaintiff's fiancée.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. R. Evid. 801(c). However, "a statement is not hearsay if it is offered for a purpose other than to prove the truth of the matter asserted." *State v. Canady*, 355 N.C. 242, 248, 559 S.E.2d 762, 765 (2002).

Here, in Finding of Fact 9, the trial court based its finding on testimony provided by Plaintiff's fiancée, Susan Sthruefer, regarding statements made by the minor child. At trial, Defendant objected to the testimony in question but the trial court overruled Defendant's objection finding that the statements were not offered for the truth of the matter asserted.

Testimony may be offered and admitted into evidence for another purpose. *See State v. Faucette*, 326 N.C. 676, 682–83, 392 S.E.2d 71, 74 (1990) (holding testimony that the plaintiff did not want the defendant to come to the house because he did not provide child support "was not offered to prove the truth of the matter asserted—that [the] defendant in fact failed to provide child support." Rather, it was offered to show the plaintiff's frustration with the defendant, and it was relevant because it explained why she did not allow the defendant to visit).

Likewise, here, the statements were not offered to prove the truth of the matter asserted—that Defendant "hates" Plaintiff's fiancée or that Defendant says Plaintiff

and his fiancée are keeping Nathan from Defendant. Rather, the statements here were offered to show Defendant made the statements to the child. *See Faucette*, 326 N.C. at 683, 392 S.E.2d at 74 ("[E]vidence is not hearsay if offered only to prove that the declarant made the statement." (citation and internal marks omitted)). Additionally, this Court has long recognized the importance of preventing disparagement among parents. *See Conroy v. Conroy*, 291 N.C. App. 145, 163, 895 S.E.2d 418, 430 (2023) ("This Court has previously addressed whether two parents' poor communications with and maltreatment of one another constitutes a substantial change in circumstances, notwithstanding the parents' prior longstanding history of conflicts and poor communication with one another[.]" (citing *Laprade v. Barry*, 253 N.C. App. 296, 303–04, 800 S.E.2d 112, 117 (2017)). Accordingly, the trial court did not err in admitting the testimony and Finding of Fact 9 is supported by substantial evidence.

Defendant also identifies Finding of Fact 11 as being unsupported but fails to specifically address Finding of Fact 11 in her brief as required by the North Carolina Rules of Appellate Procedure. *See* N.C.R. App. P. 28(a) (2025) ("Issues not presented and discussed in a party's brief are deemed abandoned."). Accordingly, Defendant's argument pertaining to Finding of Fact 11 is deemed abandoned and the Finding is binding on appeal. *See Sherrill*, 275 N.C. App. at 157, 853 S.E.2d at 251 ("Unchallenged findings of fact are binding on appeal." (citation and internal marks omitted)).

## 2. Judicial Notice

Next, Defendant argues Findings of Fact 14, 19, 20, 21, and 24 are unsupported by substantial evidence as they are based upon testimony from prior hearings and orders of the court without proper judicial notice. We disagree.

Findings of Fact 14, 19, 20, 21, and 24 state the following:

> 14. Historically, the parties have not communicated well. Since the entry of the last Order, there have not been any incidences of physical altercations between the parties or their significant others. Plaintiff and Defendant text concerning issues related to the minor child. They rarely speak to each other, even when they are both at the minor child's events. Since the entry of the last Order, both Plaintiff and Ms. Sthruefer have had pleasant conversations with Taylor Moore, Defendant's husband, and with Defendant's father who supervises the visits and often handles the exchanges for [his] daughter. Defendant, however, refuses to speak to Ms. Sthruefer, which makes communicating about changes in the minor child's schedule more problematic.
>
> 19. In previous orders this Court has found Defendant untruthful, manipulative in general, and controlling and hostile toward Plaintiff and anyone acting in a child-caring role who is associated with Plaintiff. In the past, she strove to control every aspect of [Nathan's] life and seemed determined to alienate [Nathan] from his father and his father's family. Plaintiff is very distrustful of Defendant and during this most recent period when he had sole legal custody, he has used that power to keep Defendant away because in the past, Plaintiff believes that he and [Nathan] have been manipulated by Defendant to their detriment.
>
> 20. Plaintiff is skeptical that Defendant has changed from how she was several years ago, and he doesn't believe she can be trusted not to again use [Nathan] as a pawn and to alienate [Nathan] from his father. The Court is skeptical

too. While Defendant currently describes her mental health issues as "anxiety," and "depression," it became clear in previous hearings there are more serious underlying issues that drove her to act so irrationally and with such anger toward Plaintiff and his family. Defendant has continued with therapy and appears to have learned some anger-management skills to control herself when she doesn't ger her way with [Nathan]. Her therapist testified that she is "in a stable place." The Court is not convinced Defendant has dug deeply enough into her therapy to permanently eradicate her disorders, so they won't flare up again and become destructive and damaging towards [Nathan].

21. Plaintiff and Defendant's relationship has had some minimal improvements since the last court date. Exchanges are not violent or usually even rude any longer. They are short and curt. Plaintiff and Mr. Moore have not physically fought again and are occasionally having civil conversations at the soccer field. Ms. Sthruefer and Mr. Moore have had several friendly conversations at extracurricular events. Mr. Moore is "never rude" to Ms. Sthruefer, according to her. And yet Defendant has never spoken to Ms. Sthruefer. For eight hours one day at a game, Defendant did not say a word to Ms. Sthruefer who was sitting nearby. One reason Defendant gave for this inexcusable behavior is that the Court Order says that interactions must be "brief and professional." Defendant now uses the Court Order as an excuse not to be civil. "Brief and professional" was put in the Order as an alternative to violent and angry; however, it should not be used as an excuse not to be friendly and civil.

24. There has been a substantial change in circumstances warranting the change in the custody/visitation schedule.

Defendant does not contend the trial court lacked authority to take judicial notice of prior hearings and prior orders in the matter. Rather, Defendant contends

the trial court did not take judicial notice at any stage of the proceeding nor did any party ask the trial court to take judicial notice. Additionally, Defendant claims the final order was the first time any reference was made to prior evidence. We hold Defendant's contentions are without merit.

This Court has held "[a] trial court may take judicial notice of earlier proceedings in the same cause." *In re J.B.*, 172 N.C. App. 1, 16, 616 S.E.2d 264, 273 (2005) (citation and internal marks omitted); N.C. R. Evid. 201(c). Additionally, "a trial court may take judicial notice of findings of fact made in prior orders, even when those findings are based on a lower evidentiary standard because where a judge sits without a jury, the trial court is presumed to have disregarded any incompetent evidence and relied upon the competent evidence." *In re J.M.J.-J.,* 374 N.C. 553, 558, 843 S.E.2d 94, 100 (2020) (citation and internal marks omitted). It may also take judicial notice of adjudicated facts without request from either party. N.C. R. Evid. 201(c).

Here, in recognizing a party does not have to request the court take judicial notice of prior hearings or orders, Plaintiff did request the trial court consider the history of the case and the November 2021 Order to help determine whether a substantial change in circumstances had occurred since entry of the last Order.

"Our trial courts are vested with broad discretion in child custody matters." *Shell v. Shell*, 261 N.C. App. 30, 34, 819 S.E.2d 566, 570 (2018). And it is an "undue restriction to prohibit the trial judge's consideration of the history of the case on

record" when a trial judge "is attempting to evaluate what is in the best interests of the child[.]" *Raynor v. Odom*, 124 N.C. App. 724, 728, 478 S.E.2d. 655, 657 (1996). Thus, the trial court did not err in considering prior hearings and orders in making findings to show there has been a substantial change in circumstances.

Aside from Defendant's challenge concerning judicial notice, Findings of Fact 14, 19, 20, and 21 are essential to support the trial court's conclusion there has been a substantial change in circumstances warranting modification of November 2021 Order. *See Spoon v. Spoon,* 233 N.C. App. 38, 43, 755 S.E.2d 66, 70 (2014) ("[W]hether there has been a substantial change of circumstances is a legal conclusion, which must be supported by adequate findings of fact and that the requirement that a trial court find a substantial change in circumstances before modifying custody cannot be waived by the parties." (citation and internal marks omitted)). Here, in the findings above, the court addresses how the circumstances have or have not changed since entry of the November 2021 Order.

Additionally, these findings are supported by the evidence presented at the modification hearing. Finding of Fact 14 is supported by the testimony of Plaintiff, Susan Sthruefer, Defendant, and Taylor Moore, all of whom testified regarding the state of communication since the entry of the last order. Finding of Fact 19 is supported by the testimony of Defendant explaining that since entry of the last order, Plaintiff has taken advantage of sole custody to keep Nathan away from Defendant. Finding of Fact 20 is supported by the testimony of Defendant and her therapist, Dr.

Thomas, regarding Defendant's mental health progress. Accordingly, challenged findings 14, 19, 20, and 21 are supported by substantial evidence and as such, are conclusive on appeal. *See Sherrill,* 275 N.C. App. at 157, 853 S.E.2d at 251.

Finding of Fact 24 is a conclusion of law because the trial court found a substantial change in circumstances had occurred. *See Kolczak v. Johnson*, 260 N.C. App. 208, 223, 817 S.E.2d 861, 871 (2018) ("A trial court's determination that there has been a substantial change of circumstances affecting the best interest of the children is a conclusion of law[.]"(citation omitted)); *Gary v. Bright*, 231 N.C. App. 207, 213, 750 S.E.2d 912, 916 (2013) ("A substantial change in circumstances is unequivocally a conclusion of law." (citation and internal marks omitted)).

## B. Substantial Change in Circumstances

"Whether the trial court's findings of fact support its conclusion of law is reviewable de novo." *Sherrill*, 275 N.C. App. at 157, 853 S.E.2d at 251 (citation and internal marks omitted).

This Court has held significant "behavioral or emotional changes" in a child's behavior due to a visitation schedule can demonstrate a substantial change in circumstances. *Davidson v. Tuttle*, 285 N.C. App. 426, 437–38, 877 S.E.2d 908, 916 (2022). Additionally, "attempts to frustrate the relationship between the [child] and the other parent[,]" can also amount to a substantial change in circumstances. *Id.* at 438, 877 S.E.2d at 916 (citation and internal marks omitted).

Here, since entry of the November 2021 Order, which allowed unsupervised visitation, Nathan would return from Defendant's care extremely upset, withdrawn, would cry for long periods, exhibited "infantile" behaviors, and acted out of character. It was only with the institution of supervised visits permitted by the Temporary Custody Order that Nathan no longer exhibited such concerning behavior after returning from Defendant's care. Additionally, although the trial court recognized Defendant is continuing to engage in therapy and is in a "stable" place, based on the evidence presented, the court still had concerns about her emotional stability, her ability to communicate in a cordial manner, and to not disparage Plaintiff in the presence of Nathan. As such, we hold there was a substantial change in circumstances warranting modification of the November 2021 Order.

## C. Best Interests

Next, Defendant argues the trial court abused its discretion in determining it was in Nathan's best interests for Plaintiff to have sole legal custody and Defendant have supervised visitation. Specifically, Defendant argues the trial court's determination was "arbitrary and unsupported by competent evidence." We disagree.

Once a trial court determines there has been a substantial change in circumstances, the trial court then determines whether a modification of custody is in the child's best interests. *Shipman*, 357 N.C. at 475, 586 S.E.2d at 254. If substantial evidence supports the trial court's findings, "its determination as to the child's best interests cannot be upset absent a manifest abuse of discretion." *Stephens*

*v. Stephens*, 213 N.C. App. 495, 503, 715 S.E.2d 168, 174 (2011) (citation and internal marks omitted). An abuse of discretion occurs when the trial court's decision is "manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Id.* (citation and internal marks omitted).

### 1. *Sole legal custody*

First, Defendant contends the trial court's determination that Plaintiff have sole legal custody is unsupported by the trial court's findings. Defendant relies on findings that suggest Plaintiff has not shared certain information with Defendant concerning Nathan. Although the trial court made note of this issue, the trial court ordered Plaintiff to timely share information with Defendant and to ensure her access to Nathan's school and medical records.

Moreover, the trial court did include several findings to support its determination that Plaintiff continue to have sole legal custody. The findings show the court still had concern about Defendant's mental health, emotional stability, and communication challenges. As discussed in the section above, these findings are supported by competent evidence, and as such they are binding on appeal. *See In re Patron*, 250 N.C. App. 375, 384, 729 S.E. 2d 853, 860 (2016) ("It is not within this Court's purview to reweigh the evidence, as we are only to determine whether the findings of fact are supported by competent evidence and, if so, these are binding on appeal.").

Defendant also suggests there was evidence presented to support a determination of her having legal custody, and that this information was not referenced in the trial court's findings. Specifically, Defendant alleges the evidence would show she engaged in therapy, attended parenting classes, and had been involved in Nathan's education. Despite Defendant's contention, the trial court did include this information in its findings. But, as discussed above, there were also other findings, supported by substantial evidence, to support the trial court's determination that Plaintiff have sole legal custody. *See Shipman*, 357 N.C. at 475, 586 S.E.2d at 253–54 (If we conclude "there is substantial evidence in the record to support the trial court's findings of fact, such findings are conclusive on appeal, even if record evidence might sustain findings to the contrary." (citation and internal quotations omitted)). Thus, we hold the trial court did not err in determining it was in the best interests of Nathan for Plaintiff to continue to have sole legal custody.

### 2. *Supervised Visitation*

Next, Defendant contends the trial court's determination that Defendant have supervised visitation is unsupported. Specifically, Defendant alleges the findings fail to demonstrate she presents "any likelihood of harm to [Nathan] or that a nexus exist[s] between [Nathan's] behavior and supervised or unsupervised visits" to support such a "severe restriction."

When a trial court awards visitation privileges, "the best interest and welfare of the child is the paramount consideration." *Paynich v. Vestal*, 269 N.C. App. 275,

278, 837 S.E.2d 433, 436 (2020) (citation and internal marks omitted). "However, a trial court's discretionary authority is not unfettered." *Id.* (citation and internal marks omitted).

We recognize limiting a parent to supervised visitation is a severe restriction on the parent's right to reasonable visitation and requires a finding of fact supported by competent evidence warranting such a restriction. *Id.* at 279, 837 S.E.2d at 436–37 (citations omitted). However, in its findings, "the trial court is not required to use specific language 'affecting the welfare of the child,' and direct evidence linking the substantial change in circumstances to the welfare of the child is not required when the effect on the child is self-evident." *Henderson v. Wittig*, 278 N.C. App. 178, 181–82, 862 S.E.2d 369, 373 (2021) (quoting *Karger v. Wood*, 174 N.C. App. 703, 709, 622 S.E.2d 197, 202 (2005)).

The only requirement is that the trial court make findings supported by competent evidence to support that supervised visitation is in the best interest of the minor child. *Paynich*, 269 N.C. App. at 279, 837 S.E.2d at 436–37. *See id.* at 285, 837 S.E.2d at 440 (upholding supervised visitation where the trial court's findings were supported by competent evidence which included testimony from several witnesses—the minor child's therapist, teacher, principal, and the defendant herself).

Here, like in *Paynich*, the findings show the supervised visits have had a positive impact on Nathan's welfare and behavior. Prior to the institution of supervised visits, Nathan would return from Defendant's care extremely upset,

withdrawn, would cry for long periods, exhibited "infantile" behaviors, and acted out of character. With the institution of supervised visits, Nathan no longer exhibited such behavior after returning from Defendant's care. These findings are supported by competent evidence which includes testimony from Ms. Tesoriero, Christina Forte, Susan Sthruefer, and Plaintiff.

Accordingly, we hold the trial court's findings support its determination that it is in Nathan's best interests for Defendant to have supervised visitation. As such, the trial court did not abuse its discretion.

### III. Conclusion

We hold the trial court's findings are supported by substantial evidence and the court properly determined there was a substantial change in circumstances warranting modification. Additionally, the trial court did not abuse its discretion in determining the best interests of the minor child.

AFFIRMED.

Judges STROUD and FLOOD concur.

Report per Rule 30(e).